# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| TOYOTA MOTOR CREDIT CORPORATION | § § § | |
| Appellant, | § § | |
| v. | § § | CIVIL ACTION NO. 3:17-CV-3022-S (Bankr. Case No. 17-31337-hdh13) |
| ROBERT FARRELL BRINKLEY, JR. | § § | |
| Appellee. | § | |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Toyota Motor Credit Corporation's ("Appellant") Appeal of the Order Granting Motion for Partial Summary Judgment, signed on October 13, 2017, by the United States Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Court"). Having considered the relevant pleadings, the Court finds that the Bankruptcy Court's decision should be affirmed.

### I. BACKGROUND

Pursuant to Special Order 3-318, this case was transferred from the docket of Judge Sam A. Lindsay to the docket of this Court on March 8, 2018.

In 2013, Robert Farrell Brinkley ("Appellee") purchased a 2013 Toyota Tundra C4X (the "Vehicle"). Appellant financed the purchase of the Vehicle. Appellee became delinquent on his payments, leading Appellant to repossess the vehicle on April 6, 2017. On April 10, 2017, Appellee filed for bankruptcy under Chapter 7 of the Bankruptcy Code. Appellee then contacted Appellant and the company holding the Vehicle to inform them of the filing and request the return of the Vehicle. Appellant refused to return the Vehicle.

On April 12, 2017, Appellee filed the Complaint in the adversary proceeding before the Bankruptcy Court. On April 21, the Bankruptcy Court held an expedited hearing on the portion of Appellee's Complaint seeking turnover of the Vehicle pursuant to 11 U.S.C. § 542(a). On April 25, the Bankruptcy Court issued an order finding that, on an interim basis, Appellee did not have standing under § 542(a) to seek turnover of the Vehicle. However, the Court noted that the order was entered without prejudice to Appellee seeking sanctions for a potential violation of the 11 U.S.C. § 362 automatic stay.

On April 29, Appellee filed a motion to convert the case to a case under Chapter 13. On May 4, the Bankruptcy Court entered an order converting the case. Appellant returned the vehicle to Appellee on May 8. On June 22, Appellee filed the Partial Motion for Summary Judgment, seeking summary judgment on sanctions under 11 U.S.C. § 362(k) for violation of the automatic stay. Appellant timely opposed the motion. After holding a hearing on July 25, the Bankruptcy Court issued its order granting Appellee's motion on October 13, 2017.

On November 1, 2017, Appellant filed the Notice of Appeal [ECF No. 1]. On January 20, 2018, Appellant filed the Appellant's Brief [ECF No. 3] and designated the following issues for appeal:

1. Whether, in a Chapter 7 liquidation, the creditor has an imposed duty to return a pre-petition lawfully repossessed vehicle to the debtor instead of to the trustee under 11 U.S.C. § 542(a);

2. Whether the Bankruptcy Court erred in not considering debtor's redemption right under Texas Business and Commerce Code § 9.623, and whether debtor's right was properly executed;

3. Whether the Bankruptcy Court should have considered debtor's interest in the property as one of inconsequential value or benefit to the estate under 11 U.S.C. § 542(a);

4. Whether the Bankruptcy Court erred in determining that the passive post-petition action of Toyota Motor Credit Corporation constituted an unwarranted act of control over the property of the estate in violation of 11 U.S.C. §§ 362(a)(3) and 542(a);

5. Whether the Bankruptcy Court erred in determining that, under the facts of the case, debtor had standing to bring an action for damages for an alleged violation of the automatic stay emerging from the application of 11 U.S.C. § 542(a) and then § 362(a)(3);

6. Whether the Bankruptcy Court erred in determining that debtor's non-perfected claimed exemption in the vehicle under 11 U.S.C. § 522 did not have an effect on his standing to bring an action under 11 U.S.C. § 362(k), and as to the existence of the alleged damages;

7. Whether the Bankruptcy Court erred in determining that the alleged damages were caused by Toyota Motor Credit Corporation, or whether the alleged damages were self-inflicted by debtor and are non-compensable under 11 U.S.C. § 362(k).

On February 4, 2018, Appellee filed his Appellee's Brief [ECF No. 5]. Appellant did not file a reply.

## II. LEGAL STANDARD

A district court has jurisdiction to hear appeals from "final judgments, orders, and decrees" of a bankruptcy court. 28 U.S.C. § 158(a)(1). A bankruptcy court's "[f]indings of fact are reviewed for clear error, and conclusions of law are reviewed *de novo*." *Drive Fin. Servs., L.P. v. Jordan*, 521 F.3d 343, 346 (5th Cir. 2008). A finding of fact is clearly erroneous when "the reviewing court upon examination of the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Justiss Oil Co., Inc. v. Kerr-McGee Ref. Corp.*,

3

75 F.3d 1057, 1062 (5th Cir. 1996) (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

"[I]n a bankruptcy appeal, a district court cannot consider issues and arguments that were not initially presented to the bankruptcy court." *Freewood Grp., LLC v. Park Place Motorcars, Ltd.*, Civ. A. No. 3:17-CV-2435-L, 2018 WL 4002475, at *10 (N.D. Tex. Aug. 22, 2018) (citations omitted). "To preserve an argument, it 'must be raised to such a degree that the trial court may rule on it.'" *XL Specialty Ins. Co. v. Kiewit Offshore Servs., Ltd.*, 513 F.3d 146, 153 (5th Cir. 2008) (quoting *In re Fairchild Aircraft Corp.*, 6 F.3d 1119, 1128 (5th Cir. 1993)).

### III. ANALYSIS

As an initial matter, the Court notes that two issues on appeal were not raised before the Bankruptcy Court: Issue 3 (inconsequential value or benefit) and Issue 7 (self-inflicted damages). The Court need not address these issues. *See Freewood Grp.*, 2018 WL 4002475, at *10 (noting that district court cannot consider issues not initially presented to bankruptcy court). The remaining five issues that are properly before this Court all involve legal conclusions. Thus, the Court has conducted a de novo review of these issues.

#### A. *Duty to Return Pre-Petition Repossessed Vehicle to Debtor Instead of Trustee*

First, Appellant argues that it had no duty under 11 U.S.C. § 542(a) to return the Vehicle to Appellee, the debtor, instead of the trustee. However, as the Bankruptcy Court noted, Appellee's summary judgment motion alleged a violation of the § 362 automatic stay. Under § 362, Appellant had an affirmative duty to return the Vehicle, as the Vehicle constituted property of the estate. *See, e.g., In re Zaber*, 223 B.R. 102, 105 (Bankr. N.D. Tex. 1998) ("In enacting the [Bankruptcy] Code, Congress chose to place the burden on the entity with an interest in the property to take affirmative action to restrict a debtor's use of property of the estate. This placement of an affirmative duty on

4

the creditor, rather than the debtor, is consistent with the interpretation of § 362(a)(3) adopted by this court." (citation omitted)). Even if Appellant's duty was to return the Vehicle to the trustee, rather than to the debtor, Appellant violated that affirmative duty by retaining the Vehicle. While Appellant contends that "[t]he appointed chapter 7 trustee never demanded the turnover of the Vehicle,"[1] *Zaber* makes clear that the onus is on the creditor, not the trustee.[2] 223 B.R. at 105. And, as discussed below, Appellee, as the debtor, has standing to bring a claim for an alleged violation of the automatic stay. Therefore, the Court affirms the Bankruptcy Court's conclusion on this point.

### B. *Debtor's Redemption Right*

Second, Appellant argues that, because Appellee's redemption right under Texas Business and Commerce Code § 9.623 was not properly executed, he had no right to possess the Vehicle. However, Appellant conceded in its response to Appellee's partial summary judgment motion that "a *possessory interest* . . . in the Vehicle is part of the bankruptcy estate." R. 169. As discussed above, a creditor has an affirmative duty to turn over property of the estate. Thus, the Bankruptcy Court properly declined to factor the status of Appellee's state-law redemption rights into its analysis of whether Appellant violated the automatic stay.

### C. *Act of Control*

Third, Appellant contends that the Bankruptcy Court erred in determining that Appellant's post-petition retention of the Vehicle constituted an "act . . . to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). The Court disagrees with Appellant. "Numerous cases have

---

[1] Br. for Appellant 12.
[2] Appellant also argues that the "inconsequential value or benefit" exception applies, but, as noted above, this issue was not before the Bankruptcy Court and cannot be considered by this Court.

held that a creditor's continued retention of estate property after notice of a bankruptcy filing constitutes an 'exercise of control' over property of the estate in violation of the automatic stay." *Nissan Motor Acceptance Corp. v. Baker*, 239 B.R. 484, 488 (N.D. Tex. 1999) (collecting cases). Here, Appellant retained possession of the Vehicle despite receiving notice of the bankruptcy filing and receiving repeated requests from Appellee for the return of the Vehicle. The Court finds unpersuasive Appellant's attempts to distinguish *Baker* and similar cases in which courts found violations of the automatic-stay provision where creditors retained estate property after receiving proper notice. Thus, the Court affirms the Bankruptcy Court's conclusion that Appellant's retention of the Vehicle with knowledge that the automatic stay was in effect constituted an exercise of control under § 362(a)(3).[3]

### D. *Standing*

Fourth, Appellant argues that Appellee does not have standing to bring an action for damages for an alleged violation of the automatic-stay provision. Appellant essentially contends that "while under the provisions of chapter 7, debtor nor the estate had a right to possess the Vehicle; therefore, there was no injury to a protected right." Br. for Appellant 31. However, as detailed above, not only did Appellee have a legal right to possess the Vehicle, but Appellant conceded that the bankruptcy estate had a possessory interest in the Vehicle.

As an initial matter, the Fifth Circuit "has held that debtors have a private action for damages under § 362(k)." *St. Paul Fire & Marine Ins. Co. v. Labuzan*, 579 F.3d 533, 545 (5th Cir. 2009). "[I]f Congress intended to grant the trustee exclusive standing to assert automatic-stay violations, it could have done so . . . ." *Id.* Thus, so long as Appellee satisfies the requirements

---

[3] Appellant also attempts to argue that the "inconsequential value or benefit" exception applies. As stated previously, this issue was not before the Bankruptcy Court. Thus, this Court cannot consider it.

for constitutional and prudential standing, he has standing to assert a violation of the automatic stay. Constitutional standing requires (1) an injury in fact (2) that is fairly traceable to the actions of the defendant and (3) that likely will be redressed by a favorable decision. *Labuzan*, 579 F.3d at 539 (quoting *Procter & Gamble Co. v. Amway Corp.*, 242 F.3d 539, 560 (5th Cir. 2001)). Here, Appellee suffered an injury that is fairly traceable to the actions of Appellant because Appellant withheld the Vehicle despite receiving notice of the bankruptcy filing. And, Appellee's injury can be redressed by a favorable decision.

Prudential standing concerns whether a plaintiff's grievance arguably falls within the zone of interests protected by the statutory provision invoked in the suit, whether the complaint raises abstract questions or a generalized grievance more properly addressed by the legislative branch, and whether the plaintiff is asserting his own legal rights and interests rather than those of third parties. *Labuzan*, 579 F.3d at 539 (quoting *Procter & Gamble Co.*, 242 F.3d at 560). Here, Appellee's injury falls within the zone of interests protected by the automatic-stay provision, the Complaint does not raise abstract or generalized issues, and Appellee is asserting his own legal right or interest. Because Appellee satisfies both constitutional and prudential standing requirements, and because the trustee does not have exclusive standing to bring a claim for an alleged violation of the automatic-stay provision, the Court affirms the Bankruptcy Court's determination that Appellee has standing to assert a claim under 11 U.S.C. § 362(k).

### E. *Impact of Exemption Status on Standing and Damages*

Finally, Appellant contends that, because Appellee's exemption rights with respect to the Vehicle were not final, Appellee had no right to possess the Vehicle. Without a right to possession, Appellant continues, Appellee could have no injury and thus could not have standing or a claim for damages. As Appellant notes, "[t]he authorities are fragmented with respect to this matter,"

7

and the Fifth Circuit has yet to decide the issue. Br. for Appellant 34. The two approaches to the exemption status analysis are embodied by *Calvin v. Wells Fargo Bank, N.A. (In re Calvin)*[4] and *In re Trujillo*.[5] The *Calvin* court held that debtors are prohibited from using any property of the estate until their exemptions become final. 329 B.R. at 602. The *Trujillo* court disagreed, holding that "[a]lthough [the debtor's] possessory interest may be fleeting and require him to compensate the estate, the concept of surrender contemplates the continued use of the property by a chapter 7 debtor for some period of time." 485 B.R. at 250.

Without the benefit of binding precedent, this Court must determine which approach is more persuasive. After analyzing the reasoning of both lines of legal precedent, the relevant statutory language, and the purpose of the automatic stay, the Court finds that the *Trujillo* approach is the more persuasive one. And, the Court finds unconvincing Appellant's attempts to distinguish the facts in *Trujillo* from the facts of the instant case. Thus, the Court affirms the Bankruptcy Court's determination that the status of Appellee's exemptions did not impact his standing or his opportunity to show what damages were caused by Appellant's alleged violation of the automatic stay.

## IV.   CONCLUSION

For the foregoing reasons, the Court affirms the Bankruptcy Court's decision.

**SO ORDERED.**

SIGNED January 23, 2019.

_____
**KAREN GREN SCHOLER
UNITED STATES DISTRICT JUDGE**

---

[4] 329 B.R. 589 (Bankr. S.D. Tex. 2005).
[5] 485 B.R. 238 (Bankr. D. Colo. 2012).